IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Lewis Martin, Jr., ) | |
| ) | |
| Plaintiff, ) | C/A No. 8:13-763-MGL-KFM |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Tommy B. Edwards; Cathy M. Phillips, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

Liberally construed, this *pro se* Plaintiff brings a civil action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional right to due process. Compl. 2–4. He alleges that on November 9, 2000, while he was incarcerated in the South Carolina Department of Corrections ("SCDC") serving a four-year sentence, Judge Tommy B. Edwards wrongfully tried him in his absence on a charge of failure to pay child support. *Id.* Plaintiff attached an exhibit to the Complaint that lists Tommy B. Edwards as a judge for the Tenth Judicial Circuit Family Court in Anderson County. ECF No. 1-1 at 4. He alleges that Judge Edwards entered a "summary payment obligation order" to require that he pay $71 per week for child support. *Id.* He seems to allege that upon his release from SCDC he appeared before Judge Edwards due to a July 20, 2004, rule to show cause order, and he attempted to explain why he should not have to pay the child support. Compl. 4. Allegedly, Judge Edwards ignored Plaintiff and acted unprofessionally against the judicial code of ethics and committed a crime and/or criminal conspiracy. *Id.*

Further, Plaintiff alleges that he appeared in court on April 4, 2006,[1] and May 5, 2009, on rule to show cause orders related to child support. *Id.* However, allegedly no judge or court gave Plaintiff any relief from the monies owed even when the family court plaintiff appeared and requested that all monies owed to her be dropped or dismissed. *Id.* As a result, he alleges that he has been subjected to embezzlement, extortion, and racketeering of his employment wages and income tax refunds. *Id.*

Plaintiff alleges that Cathy M. Phillips is employed in the clerk's office, and her office unlawfully administered the falsified order and tax liens. Compl. 3. He attached an exhibit to the Complaint that lists Cathy M. Phillips as the Clerk of Court for the Tenth Judicial Circuit Family Court in Anderson County. ECF No. 1-1 at 3. The exhibit appears to be an affidavit revealing that on June 9, 2004, Plaintiff owed $13,786 in child support payments. *Id.* Plaintiff alleges that by these actions Defendant Phillips was unlawfully involved in filing false reports, mail fraud, extortion, and racketeering of his employment wages and income tax refunds. Compl. 3.

For his relief, Plaintiff requests reimbursement for the monies he was forced to pay toward the "unlawful summary payment obligation order," which includes the wrongful seizure of his 2004, 2005, and 2006 state and federal income tax refunds. Compl. 5. He also requests further compensatory and punitive damages. *Id.*

After a review of the Complaint and the applicable law, this court recommends that this action should be summarily dismissed.

---

[1] Allegedly, the judge at this hearing was Judge Cain, but he is not a party to this action.

### Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

3

that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff alleges the two essential elements of a § 1983 claim, he cannot bring suit against Judge Edwards due to the doctrine of judicial immunity. Defendant Edwards is a family court judge for the Tenth Judicial Circuit for the State of South Carolina. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12-13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In this case, Plaintiff alleges that Judge Edwards wrongfully entered an order on November 9, 2000, requiring Plaintiff to pay child support and several years later refused to vacate or set aside the order. Thus, Plaintiff is attacking Judge Edwards' judicial actions for the reasons that the actions were allegedly erroneous and violated the judicial code of ethics. Plaintiff does not allege that any actions taken by Judge Edwards were

nonjudicial. Judicial absolute immunity is squarely on point in this case, and Judge Edwards should be dismissed.

Further, this action should be dismissed against Defendant Phillips because she is entitled to quasi-judicial immunity. Defendant Phillips is alleged to be the Clerk of Court for the Tenth Judicial Circuit Family Court. Plaintiff complains of her conduct in issuing an affidavit in his domestic relations case to indicate the amount of child support owed and administering tax liens. Such actions were taken as part of Defendant Phillips' employment duties as the Clerk of Court. Clerks of court and other court support personnel are entitled to immunity similar to judges when performing their duties. *See Jarvis v. Chasanow*, No. 11-1249, 2011 WL 4564336, at *1 (4th Cir. Oct. 4, 2011); *Stevens v. Spartanburg Cnty. Probation, Parole, and Pardon Serv.*, C/A No. 6:09-795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)). Because Defendant Phillips' alleged wrongful acts were part of the Clerk of Court's judicial functions, she should have quasi-judicial immunity from this lawsuit.

### Recommendation

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. **Plaintiff's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald<br>United States Magistrate Judge

April 12, 2013
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).